UNITED STATES BANKRUPTCY COURT
Southern District of Florida
www.flsb.uscourts.gov

Case Number 20-16595-RAM
Chapter 11

In Re:
Astor EB-5, LLC
_____Debtor_____ /

## MOTION  TO EXTEND 365(d)(3) PERIOD

Debtor, by and through undersigned attorneys, moves to extend the 365(d)(3) period, and as good cause and justification therefore respectfully represents the following to the court:

Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code 6/17/20.

Debtor owns the iconic Astor Hotel under 99 year leasehold – 956 Washington Ave , Miami Beach, FL 33139. Landlord is 1651 Astor, LLC

Debtor was involved in litigation with its Landlord in this case pre-petition on past due rent.

Debtor defaulted in the agreement and Landlord sought eviction, but this case was filed prior to any termination, judgment or order of eviction. Landlord claims defaults from (i) failing to pay the rent for April and May 2020; (ii) failing to pay fifty percent (50%) of the Landlord's fees and expenses on or before March 31, 2020; and (iii) failing to pay the 2017 real estate taxes by March 31, 2020 ("Defaults"). Prepetition Rent is also now  due for June 2020.

Rent is due post-petition under the underlying lease July 1, 2020. Some stub rent is due for June 17 through June 30, which Debtor requests not be prorated.

11 USC 365(d)(3) provides: "(3) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365 (b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503 (b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period."

This Court  entered the order shortening prejudice period (Doc 200) in the former case, Case number 18-24170-AJC, holding:

> Provided the Debtor files a new Chapter 11 case prior to the pending hearing on the Landlord's eviction motion in state court, set for June 18, 2020, then the filing of the new case shall stay that hearing on the eviction motion. Further, in the newly filed Chapter 11 case, stay relief is granted to the Landlord, to allow the Landlord to reset its eviction hearing no sooner that 70 days from June 18, 2020. Pending the Court's calendar and availability, the Landlord shall request, via motion, a hearing in any new Chapter 11 case at least 10 days prior to the new hearing on the eviction motion, to consider whether the disputes between Landlord and Tenant have been resolved.

The order also reserved jurisdiction to enforce that order.

60 days from the order for relief 6/17/20 is Monday August 17, 2020 (not counting Sunday)

70 days from 6/18/20 is  August 27, 2020
60 days from 6/18/20 is  Monday August 17, 2020.

Debtor believes it can cure the arrearage and assume the lease and settlement agreement  within 120  days under the bankruptcy code and the additional 90 days in the court's discretion. 11 U.S.C. § 365(d)(4)(A) and  365(d)(4)(B)(i).

Debtor is stabilizing due to the chapter 11 filing, and is struggling to pay its expenses and, and needs the benefit of 365(d)(3) to enable it to comply with its obligations.

Debtor believes it will be able to refinance or sell the business and pay 100% of the landlords past due rent, the secured creditor, but it can meanwhile pay rent going forward, with a little help from 365(d)(3).

WHEREFORE, Debtor moves to extend the time for performance for July  and August rent until August 16, 2020

WE HEREBY CERTIFY that a true copy of the foregoing was served on US Trustee and Landlord.

JOEL M. ARESTY, P.A.
Board Certified Business
Bankruptcy Law
Attorneys for Debtor
309 1st Ave S
Tierra Verde FL 33715
Fax: 800-559-1870
Phone: (305) 904-1903
Aresty@Mac.com
By:/s/ Joel M. Aresty, Esq
Fla. Bar No. 197483