**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

                                 Case No.  20-16595-AJC

ASTOR EB-5, LLC,

                                 Chapter 7

        Debtor.

_____/

### NOTICE OF 2004 EXAMINATION OF SOHO BOUTIQUE ASTOR, LLC, AND ISSUANCE OF SUBPOENA *DUCES TECUM*

      Drew M. Dillworth, court appointed trustee (the "Trustee") for ASTOR EB-5, LLC, (the "Debtor"), by and through counsel hereby gives notice of the issuance of a Subpoena for Rule 2004 Examination to **SOHO Boutique Astor, LLC**. The subpoena requires the examination be held on **December 16, 2021, at 10:00 a.m. (EST)** via ZOOM platform.  The subpoena requires that documents be submitted to the offices of **Stearns Weaver, et al., c/o Eric J. Silver, Esq., 150 W Flagler Street, Suite 2200, Miami, FL 33130** on or before **December 2, 2021, at or before 4:00 p.m.** A copy of the Subpoena attached hereto as Exhibit "1."

Dated: November 10, 2021.

                        Respectfully submitted,

                        /s/ *Eric J. Silver*
                        ERIC J. SILVER, ESQ., FBN: 167835
                        esilver@stearnsweaver.com
                        STEARNS WEAVER MILLER
                         WEISSLER ALHADEFF & SITTERSON, P.A.
                        Museum Tower Building, Suite 2200
                        150 West Flagler Street
                        Miami, Florida 33130
                        Telephone: (305) 789-3200

                        *Counsel for Trustee Dillworth*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by United States mail to all parties listed on this notice and electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties and counsel identified on the attached service list attached.

*/s/ Eric J. Silver, Esq.*
Eric J. Silver, ESQ.

<u>**SERVICE LIST**</u>
**Case No. 20-16595-AJC**
**United States Bankruptcy Court, Southern District of Florida**

The following parties are registered to receive Notice of Electronic Filing and should have been served through CM/ECF.

Geoffrey S. Aaronson
*gaaronson@aspalaw.com*
*5408891420@filings.docketbird.com*
*Counsel for Geoffrey S. Aaronson*

Joel M. Aresty, Esq.
*aresty@mac.com*
*Counsel for Astor EB-5, LLC*

Terrence Ayala
*tcayala@gmail.com*
*Counsel for Astor EB-5 Funding, LLC, et al.*

Ricardo Corona, Esq.
*bk@coronapa.com*
*rcorona@coronapa.com*
*Counsel for Corona Law Firm, P.A.*

Drew M Dillworth
*ddillworth@swmwas.com*
*ddillworth@ecf.axosfs.com*
*marocha@stearnsweaver.com*
*Trustee*

Joshua W Dobin
*jdobin@melandrussin.com*
*ltannenbaum@melandbudwick.com*
*mrbnefs@yahoo.com*
*ltannenbaum@ecf.courtdrive.com*
*jdobin@ecf.courtdrive.com*
*ltannenbaum@ecf.courtdrive.com;*
*hornia@ecf.courtdrive.com*
*Counsel for Astor EB-5 Funding, LLC, et al.*

Dennis A Donet
*dennis.donet@donetlaw.com*
*Counsel for Dennis A. Donet, PA*

Anna M Gamez
*annie.hernandezgamez@hklaw.com*
*maria.gonzalez@hklaw.com*
*Counsel for Soho Boutique Astor LLC*

Office of the US Trustee
*USTPRegion21.MM.ECF@usdoj.gov*

Brian G Rich
*brich@bergersingerman.com*
*efile@bergersingerman.com*
*efile@ecf.inforuptcy.com*
*rperez@bergersingerman.com*
*Counsel for 1651 Astor, LLC*

Steven H. Rothstein
*steverothstein@miamibeachfl.gov*
*Counsel for City of Miami Beach, Florida*

Lawrence M Schantz
*lschantz@aspalaw.com*
*Counsel for Lawrence M Schantz*

Steven D Schneiderman
*Steven.D.Schneiderman@usdoj.gov*
*Counsel for U.S. Trustee Office of the US Trustee*

Barry O. Chase
barry@chaselawyers.com
*Counsel for STEM, LLC.*

Eric J Silver
*esilver@stearnsweaver.com*
*jless@stearnsweaver.com*
*larrazola@stearnsweaver.com*
*cgraver@stearnsweaver.com*
*mfernandez@stearnsweaver.com*
*Counsel for Trustee Drew M Dillworth*

The following parties were served via First Class Mail on November 10, 2021.

SOHO Boutique Astor, LLC
Worldwide Corporate Administrators, LLC
2330 Ponce De Leon BLVD
Coral Gables, FL 33134

SOHO Boutique Astor, LLC
956 Washington Ave
Miami Beach, FL 33139

Miami-Dade County Tax Collector
c/o Alexis Gonzalez
200 NW 2nd Avenue, Suite 430
Miami FL 33128

Brian Rich
313 North Monroe Street, Suite 301
Tallahassee, FL 32301

The Court Reporter was served *via* email:

Ouellette & Mauldin Court Reporters, Inc.
omctrep@aol.com

#9986129 v1

# Exhibit "1"

# UNITED STATES BANKRUPTCY COURT

### Southern District of Florida, Miami Division
### www.flsb.uscourts.gov

In re: ASTOR EB-5, LLC,                                Civil No.  20-16595-AJC
             Debtor.

Chapter **7**

## SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

To:  **SOHO Boutique Astor, LLC, c/o, Worldwide Corporate Administrators, LLC, Registered Agent 2330 Ponce De Leon BLVD Coral Gables, FL 33134**

*(Name of person to whom the subpoena is directed)*

☒  *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| | |
|---|---|
| PLACE: **Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.\* Museum Tower, Suite 2200, 150 West Flagler Street, Miami, FL 33130**<br><br>\*In light of ongoing restrictions due to COVID-19, the examination may be conducted online, such as through Zoom video conference.  Please contact the attorney below (Eric J. Silver) 3 days prior to the date of the examination to confirm the method and location of your examination. You may contact Mr. Silver via telephone at (305) 789-4175; or by email to esilver@stearnsweaver.com. A Zoom link and other instructions will be sent to all participants who contact Mr. Silver.<br><br>The Court Reporter, Ouellette & Mauldin Court Reporters, Inc., 1550 Madruga Avenue, Suite 333 - Kendar Building Coral Gables, FL  33146, will need a copy of the witness's driver's license or State ID card sent before depo (the driver's license number can be redacted, except for the last three numbers).  Also, the witness must have the same driver's license or ID card available on the date of the deposition. | DATE AND TIME:<br><br>**December 16, 2021 at 10:00 a.m.**<br><br>**Note:  As requested below, the Examinee must furnish the documents identified on the attached <u>Exhibit "A"</u> on or before December 2, 2021, at 4:00 p.m. (EST)** |

The examination will be recorded by this method: **stenographically and via Zoom video conference**

☒  ***Production:***  You, or your representatives, must also furnish the documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material, identified on the attached Exhibit A, to Stearns Weaver, et al, c/o Eric J. Silver Esq., 150 West Flagler Street, Suite 2200, Miami, FL 33130, on or before **December 2, 2021 at 4:00 p.m. (EST)**.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  <u>November 10, 2021</u>

CLERK OF COURT                    OR

<u>                       </u>                    <u>/s/ *Eric J. Silver*     </u>
Signature of Clerk or Deputy Clerk                    Attorney's Signature

The name, address, e-mail address, and telephone number of the attorney representing Drew M. Dillworth, Chapter 7 Trustee for Astor EB-5, LLC who issues or requests this subpoena, is: Eric J. Silver, Esq., esilver@stearnsweaver.com, 150 West Flagler Street, Suite 2200, Miami, FL 33130; Main: (305) 789-3200; Direct:  (305) 789-4175.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) _____

on (date) . _____.

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

☐  I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

### Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:*
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery. A subpoena may command:*
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.*

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises —or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:*
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

### For Access to Subpoena Materials
#### Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

**EXHIBIT "A"**
**Case No. 20-16595-AJC**

**DEFINITIONS AND INSTRUCTIONS**

For the purposes of responding to each of the document requests set forth below, the following definitions and instructions should be followed:

1.      "Bankruptcy Case" means the chapter 7 bankruptcy case styled *In re Astor EB-5, LLC*, Case No. 20-16595-AJC.

2.       "Communications" means any transmittal of information by any means or any response thereto by any means.

3.      "Concerning" means, directly or indirectly, in whole or in part, containing, constituting, contradicting, controverting, corroborating, demonstrating, describing, discussing, disputing, embodying, evidencing, identifying, memorializing, mentioning, pertaining to, proving, rebutting, recording, refuting, referring to, reflecting, relating to, showing, substantiating, summarizing, supporting, arising out of or in connection with, or in any way legally, logically, or factually connected with.

4.      "Debtor" means Astor EB-5, LLC, TIN: 46-0917208.

5.      "Document" means any writing, recording, electronically stored information, photograph, or other tangible or intangible thing from which information may be obtained or derived, including, without limitation:  original or exact copies of any tangible written, typed, printed, electronic, photographed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostatted, duplicated, carbon or otherwise copied or produced in any other manner

whatsoever. Without limiting the generality of the foregoing, "document" shall include communications, correspondence, letters, telegrams, telexes, mailgrams, e-mails, text messages, instant messaging records or logs, calendars, diaries, memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations), notes or notations, minutes, booklets, books, drawings, graphs, charts, telephone records, telephone messages, voicemail messages, video cassettes, electronic tapes, microfilms, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the original, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents. The term also refers to and includes all metadata associated with the subject document.

6.      "Person" means the singular or plural natural person, corporation, partnership, association, organization, government (including all instrumentalities, officers, agents, and subdivisions thereof), and all other business, legal, or artificial entities.

7.      "Petition Date" means June 17, 2020.

8.      "Request" means a request contained in the SPECIFIC REQUESTS section, *infra*.

9.      "Commercial Contract" means that certain Commercial Contract by and between Astor EB-5 LLC, as seller, and SOHO Boutique Astor, LLC, as buyer, effective as of November 1, 2019, and as amended from time to time, including without limitation that certain First Amendment to Commercial Contract effective as of November 1, 2019, that certain Second Amendment to Commercial Contract effective as of November 27, 2019, that certain

Third Amendment to Commercial Contract effective as of December 16, 2019, and that certain Fourth Amendment to Commercial Contract effective as of February 19, 2020.

10.      "Pre-Occupancy Agreement" means that certain Pre-Occupancy Agreement by and between Astor EB-5 LLC, as seller, and SOHO Boutique Astor, LLC, as buyer, dated as of November 1, 2019, and as amended from time to time, including without limitation that certain First Amendment to Pre-Occupancy Agreement effective as of November 27, 2019, that certain Second Amendment to Pre-Occupancy Agreement effective as of December 16, 2019, and that certain Third Amendment to Pre-Occupancy Agreement effective as of February 19, 2020.

11.      "The Astor Hotel" means the business commonly known as The Astor Hotel located at 956 Washington Avenue, Miami Beach, Florida.

12.      "You" and "Your" means SOHO Boutique Astor, LLC or any of its agents or representatives, including Ohana Hostel or Inversan Brokers.

## **INSTRUCTIONS**

1.      The documents covered by the Requests include all documents in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your professionals, advisors, directors, officers, partners, associates, subsidiaries, affiliates, successors, accountants, investigators, managers, members, shareholders, representatives, employees, attorneys, agents, third party cloud providers, and any other persons or entities acting on your behalf or under your control.

2.      Each Request shall be deemed to be continuing in nature.  If at any time additional documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to the Requests is required.

3.      Documents shall be produced in the manner in which they are maintained in the usual course of the business.  The documents shall be organized and labeled to correspond with the categories in the Requests.  Each Request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

4.      Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).  Each page produced in response to these Requests shall be stamped with a unique prefix, or otherwise identified, such that the source of each page or document produced is apparent.  At a minimum, the entity producing the document shall be apparent.

5.      As to any document requested but withheld based on your assertion of any privilege or immunity, please set forth:  (i) the title of the document; (ii) the type of document (*e.g.*, letter, note, memorandum, etc.); (iii) the date of the document; (iv) the subject matter of the document; (v) the identities of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared; (vi) the identities of all persons to whom the document was addressed; (vii) the identities of all other persons to whom the document was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof; and (viii) sufficient information regarding the grounds for withholding the document to explain the claim of privilege or immunity.

6.     If any document requested herein has been destroyed or lost, provide in lieu of the true and correct copy thereof a description of the document so lost or destroyed, together with the following information:  (i) the date of the document; (ii) a brief description of the document; (iii) the author of the document; (iv) the date upon which the document was destroyed or lost; and (v) a brief statement regarding the manner in which the document was lost or destroyed.

7.     Documents attached to each other shall not be separated.

8.     Any word written herein in the singular shall be construed as plural or vice versa as necessary in order to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

9.     The terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

10.    The terms "all" and "each" shall be construed as "all and each."

11.    If any copy of any document for which production is sought, whether a draft or a final version, is not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, such non-identical copy shall be produced separately.

12.    If you consider any term in any Request to be vague or capable of more than one meaning, identify the meaning you are ascribing to such term, then respond to the Request as construed with such word given such meaning.

13.    Each Request shall be construed independently.  No Request should be construed by reference to any other Request for the purpose of limiting the scope of response to such Request unless stated otherwise.

## <u>RELEVANT TIME PERIOD</u>

Unless otherwise stated, the "<u>Relevant Time Period</u>" for the Requests is from four (4) years prior to the Petition Date to the Petition Date.

## <u>ELECTRONICALLY STORED INFORMATION</u>

The Requests call for the production of electronically stored information ("<u>ESI</u>") and ESI shall be produced in native form.  In searching for electronic documents responsive to these Requests, you shall search for all such electronic documents regardless of the form in which the document exists or the location in which it is stored. Among other places, you shall search for electronic documents stored on all servers, networks, hard drives, desktop computers, notebook computers, personal digital devices, all back-up storage tapes, and with any third party cloud providers.

## <u>SPECIFIC REQUESTS:</u>

1. All Documents and Communications regarding negotiation of Commercial Contract.

2. All Documents and Communications regarding negotiation of Pre-Occupancy Agreement.

3. All Documents and Communications evidencing any payments made by You to or for the benefit of the Debtor.

4. All Documents and Communications evidencing any payments made by You to or for the benefit of The Astor Hotel.

5. All Documents and Communications evidencing any payments made by You under the Commercial Contract.

6. All Documents and Communications evidencing any payments made by You under the Pre-Occupancy Agreement.

7. All Documents and Communications regarding any agreements between You and any third parties regarding The Astor Hotel.

8. All Documents and Communications evidencing your performance of any contractual obligations under the Commercial Contract.

9. All Documents and Communications evidencing your performance of any contractual obligations under the Pre-Occupancy Agreement.

10. All Documents and Communications evidencing or related to any deposits under the Commercial Contract.

11. All Documents and Communications evidencing any consideration provided to the Debtor in exchange for Your use of The Astor Hotel.

12. All Documents and Communications concerning Your operation of The Astor Hotel.

13. All Documents and Communications evidencing any revenue of The Astor Hotel during the Pre-Occupancy Agreement.

14. All Documents and Communications related to Your termination of the Commercial Contract.

15. All Documents and Communications related to Your termination of the Pre-Occupancy Agreement.